IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES FALCON, on Behalf of Himself and Others Similarly Situated, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. H-05-0792 |
| v. | § § | JURY TRIAL DEMANDED |
| STARBUCKS CORPORATION and DOES 1 THROUGH 100, | § § § § | |
| Defendant. | § | |

**OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO DEFENDANT'S MOTION TO DECERTIFY COLLECTIVE ACTION**

Under normal circumstances, defendant Starbucks Corporation would not oppose plaintiffs' November 20, 2007 motion for a two-week extension to respond to its motion to decertify this case as a collective action. However, granting plaintiffs' request in this instance would impose substantial burdens on the Court, the defendant, and scores of individual witnesses because of the February 11, 2008 trial date in this case. Absent corresponding extensions to the current case deadlines, defendant must oppose plaintiffs' request for an extension.

This case is a putative nationwide collective action involving more than 350 opt-in plaintiffs who claim they are owed overtime compensation under the Fair Labor Standards Act because they worked "off-the-clock" as Starbucks assistant store managers. In accordance with the Court's scheduling order, defendant filed a motion to decertify this case under the two-stage process described in *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) on November 15, 2007. Resolution of defendant's motion to decertify the case as a collective action will have a substantial impact on the scope of trial. If the case is decertified, the opt-in plaintiffs

will be dismissed without prejudice and named plaintiff James Falcon will proceed to trial on his individual claims. *Id.* at 1214. If the case is not decertified, the Court and the parties will need to manage a trial involving the off-the-clock claims of hundreds of opt-in plaintiffs.

The current trial schedule does not allow for delays in the resolution of defendant's motion. Motions *in limine* are due January 25, 2008, and trial is set for February 11, 2008. (*See* Minute Entry for November 6, 2007 Hearing.) If plaintiffs' motion for an extension is granted, their response will not be filed until December 19, 2007, and defendant's expected reply would be filed shortly after the Christmas holiday. As a practical matter, the Court will likely have less than one month to decide the important issue of decertification prior to the date of trial.

Such a delay in resolution of the issue of decertification will have significant implications for this case. If decertification is not decided in the weeks prior to the January 25, 2008 deadline for motions *in limine*, the Court will be required to consider several motions *in limine* that may be limited to issues unique to specific opt-in plaintiffs, but that would be otherwise irrelevant if the case is decertified and only the claims of named plaintiff Falcon remained. Because of the individualized nature of the company's defenses and the documentary evidence relevant to each opt-in plaintiff's claims, a delayed decision on decertification will also substantially alter the scope of jury instructions, trial exhibits, and other aspects of the pretrial order that must be filed on February 4, 2008. And in the weeks before trial, subpoenas will begin to issue for scores of out-of-state witnesses (both identified trial witnesses and expected rebuttal witnesses) whose trial testimony will be necessary if the case proceeds as a collective action.

These are significant and potentially unnecessary burdens for the Court, the parties, and the multitude of individual witnesses who may be called at trial (or not, depending upon the resolution of defendant's motion for decertification). They substantially outweigh any burden on

plaintiffs to file their response under the schedule set by the Court's case management orders and the Local Rules, particularly when plaintiffs' numerous counsel have known of the briefing schedule in this case for several months, are readily familiar with the supporting exhibits submitted with defendant's motion (the deposition transcripts of the opt-in plaintiffs, their payroll summaries, limited excerpts of written corporate policies, and the declarations of 29 putative class members originally submitted to the Court in November 2005), and had advance notice of defendant's substantive arguments, which were previewed in defendant's opposition to plaintiffs' motion for notice approximately two years ago.[1] (*Compare* DE 36 *with* DE 135.)

Under these circumstances, defendant cannot consent to the length of extension plaintiffs have requested. Plaintiffs' motion should be denied unless the burdens that will result from their request for extended briefing can be mitigated.

DATED: November 21, 2007

Respectfully submitted,

/s/ Fraser A. McAlpine
Fraser A. McAlpine

---

[1] Plaintiffs' suggestion that an extension is necessary because they have not taken the depositions of Jim Alling and Julissa Marquez is disingenuous. (*See* DE 138 ¶ 7.) Alling is a senior executive of the company who was removed from defendant's witness list when he became the president of international operations, which requires substantial travel to locations outside the United States. He has no unique knowledge regarding any facts relevant to this case. Plaintiffs have known since early October that defendant will not produce Alling for deposition. Marquez is the partner resources associate for the region in which Falcon worked. Plaintiffs have already deposed her immediate superior and the partner resources vice president responsible for the western division. Plaintiffs have not identified any unique knowledge that Marquez may possess that would be of importance to their opposition, nor would any such information be expected, given the limited scope of Marquez's duties and the limited geographical area for which she is responsible. Indeed, plaintiffs suggestion that she is an important witness for their opposition is belied by the fact that they waited until 12 days before the close of discovery to pursue her deposition. In any event, Marquez will not be available for deposition in December due to health issues associated with her pregnancy, and thus it is inappropriate to suggest that an extension is necessary so that she can be deposed.

State Bar No. 13321300
Federal I.D. No. 3407
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
(713) 220-5800 (telephone)
(713) 236-0822 (facsimile)

ATTORNEY-IN-CHARGE FOR DEFENDANT
STARBUCKS CORPORATION

and

Daniel L. Nash
Nathan J. Oleson
Kelly A. Smith
Jessica W. Paniccia
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887-4000 (telephone)
(202) 887-4288 (facsimile)

## **CERTIFICATE OF SERVICE**

      I certify that on November 21, 2007, I caused to be served a true copy of Defendant's Opposition to Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion to Decertify Collective Action on all counsel of record identified on the Service List via transmission of Notice of Electronic Filing generated by CM/ECF on:

| | |
|---|---|
| Martin A. Shellist | Micky N. Das |
| Shellist Lazarz, LLP | Tyler & Das Law |
| 1900 West Loop South | 2000 Bering Drive |
| Suite 1910 | Suite 370 |
| Houston, Texas 77027 | Houston, Texas 77057 |

Robert R. Debes, Jr.
The Debes Law Firm
17 South Briar Hollow Lane
Suite 302
Houston, Texas 77027

                                       /s/ Nathan J. Oleson
                                       Nathan J. Oleson